Leonard J. SACHS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18575.

United States Court of Appeals
Fifth Circuit.

Aug. 24, 1961.

Rehearing Denied Sept. 22, 1961.

H. A. Stephens, Jr., Atlanta, Ga., Smith, Field, Ringel, Martin & Carr, Atlanta, Ga., of counsel, for appellant.

Charles D. Read, Jr., U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, RIVES and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

The appellant, along with one William Sachs, who is not a party to this appeal, was indicted in two counts for violation of 18 U.S.C., Sec. 1001, for making and presenting to the United States Air Force and the Small Business Administration certain false and fraudulent documents and statements. Urging that the evidence was insufficient to support the conviction, Sachs points to the fact that, while the statements and documents were furnished with his authority and some of them under his own hand, there is no direct evidence that he knew their contents were fraudulent, and, therefore, the evidence is insufficient to support the conviction.

The United States, pointing to the fact that the defendant-appellant controlled

the four corporations involved, The Fulton Trouser Company, Federal Sportswear, Inc., Will Manufacturing Company, and Henry Garment Company, that the books of all of them were kept at 225 Central Avenue, Atlanta, Georgia, where the headquarters of Fulton Trouser Company were located; and that, by letter dated March 27, 1954, signed by Sachs as President, the balance sheet, in question, of Fulton as of February 28, 1954, and a statement of income profit and loss for the period January 1, to February 28, 1954, were transmitted to the United States Air Force in connection with the procurement of a certain contract by Fulton for the manufacture of flying suits for the Air Force; insists that the circumstances in evidence are sufficient to support the finding of the jury, that Sachs was responsible for the issuance and use of the statements, and that he knew the falsity of their contents.

■ We agree with the United States that the fact that the figures were not actually prepared by the defendant but by Mr. Gertz, the company accountant, is not sufficient to support Sach's claim that the proof failed to convict him of the offenses charged. One Omie Dixon, employed by Sachs as general clerk or secretary of Fulton in 1948 and with him from that time through 1954, was in 1953–54 in charge of the office, her duties having increased. She was in charge of the staff employees in the office and had charge of the books of the four corporations, all of which were controlled by the appellant. It was Omie Dixon who prepared the March 27, 1954 letter signed by Leonard Sachs, along with the balance sheet and statement of income attached thereto. She prepared them under the direction of Leonard Sachs, who gave her a pencilled copy from which to prepare the statements. The pencilled copies of the balance sheet and statement of income profit and loss were made up by Leonard Sachs from information obtained over the telephone from Mr. Irwin Gertz. G. A. Remillard, Special Agent with the Internal Revenue Service, testified: that he had occasion to contact the appellant Sachs in connection with the affairs of Fulton; that he took a statement under oath from Sachs and also questioned him about the affairs of Federal, Will, and Henry; and that Sachs stated to him that he controlled and formulated all the policies of the four corporations.

The appellant also stated to Remillard that the work performed by the accountant firm of Guttelman and Gertz was auditing the books; and that this firm would come to Atlanta and audit the books; and further stated: "I guess that is about all they would do".

With the testimony standing thus and the falsity of the statements quite plain, we think it clear that the evidence was ample to support the jury's finding, that Sachs was responsible for the issuance of the statements, that he knew their contents and knew that the statements were false.

In addition to his attack upon the insufficiency of the evidence, the appellant assigns error to the overruling of appellant's motion to dismiss count two of the indictment and, in the alternative, to strike surplusage therefrom, and, further in the alternative, for a bill of particulars.

■ As to these claims of error, we think it plain that the indictments were not subject to the attacks upon them, and that there is no sound basis for the claim that it was error to deny the motion for a bill of particulars. It was well within the discretion of the court to grant or deny it.

■ In addition to these assignments, appellant argues strongly that it was error for the court to refuse to submit defendant's requested instructions Nos. 4 and 5, which in effect instructed the jury as to the effect which must be given to the acts of those in charge of Georgia corporations.

The charges were properly refused, the evidence was all before the jury, and the judge's general charge correctly submitted to the jury the issues for their determination. The refusal of the charges

of which appellant complains was not error. On the contrary, it would have been error to give them because, instead of leaving to the jury the determination of the facts under general instructions, it would have had the effect of controlling and directing the jury's consideration of the evidence. The matters in question had to do with corporate acts, the responsibility under the evidence of the defendant therefor, and under the evidence, which was sufficient to convict, this was for the jury's determination.

No reversible error appearing, the judgment is

Affirmed.